UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Rodrigues Demetress Doe, | ) | C/A No. 8:24-cv-4532-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Matthew D. Womack, *Investigator*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. ECF Nos. 2; 7. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned recommends summary dismissal of the action.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenwood County Detention Center ("GCDC"). *Id*. at 2. By Order dated October 10, 2024, the Court notified Plaintiff that this action was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 16. The Court noted, however, that Plaintiff may be able to cure the pleading deficiencies of the Complaint and granted Plaintiff

twenty-one days to amend the Complaint. *Id*. at 7.  Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 8 (emphasis omitted).  Plaintiff filed an Amended Complaint, which was entered on the docket on October 28, 2024.  ECF No. 18.

**Factual Allegations**

Plaintiff makes the following allegations in his Amended Complaint.[1]  Plaintiff contends Defendant violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  *Id*. at 4.  Plaintiff alleges that Defendant conducted an illegal search and seizure of information from Plaintiff's cell phone and obtained false information from an investigation that Plaintiff sexually exploited a minor that was spread throughout GCDC.  *Id*. at 5–6.

According to Plaintiff, on July 5, 2023, officers with the Greenwood County Sheriff's Office ("GCSO") responded to a shooting incident in the area where Plaintiff was living.  ECF No. 18-1 at 1.  When officers arrived on scene, they found a victim with a gunshot wound.  *Id*.  The officers obtained information that Plaintiff was a suspect and was inside an apartment with

---

[1] An amended complaint replaces all prior complaints and should be complete in itself.  *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").  Accordingly, the Court considers only the allegations in the Amended Complaint.

2

his child. *Id*. Plaintiff was located by the officers who conducted a pat-down search of Plaintiff. *Id*. That search revealed Plaintiff's personal cell phone, multiple blue pills, and $60 in cash. *Id*. Plaintiff was placed in the back seat of a patrol vehicle, was read his rights, and was told that he was being arrested for possession of drugs. *Id*. While sitting in the back seat of the patrol vehicle, Plaintiff observed Defendant going through Plaintiff's cell phone, which was already unlocked when it was confiscated from Plaintiff. *Id*. Plaintiff was then transported to the GCDC. *Id*. Defendant then attempted to read Plaintiff his rights again, but Plaintiff stated he had already been read his rights. *Id*. Plaintiff also stated that Defendant searched his cell phone without a warrant. *Id*. After about three months, Plaintiff received discovery in his criminal case and learned that Defendant had returned to the GCSO with Plaintiff's cell phone "to complete measures to maintain the state of the device (which was unlocked) and place[d] it on charge." *Id*. at 1–2. Defendant stated that, based on the state of the device, he activated a UFED (Universal Forensic Extraction Device) camera to capture key information while keeping the device in its current state. *Id*. at 2. Defendant also stated in his report that, after he read Plaintiff his rights, Plaintiff gave him the pass code to the cell phone. *Id*. Plaintiff contends he never gave Defendant, or anyone else, the pass code to the cell phone. *Id*. Plaintiff asserts that Defendant searched Plaintiff's cell phone without consent and without any exigent circumstances. *Id*. According to Plaintiff, Defendant did not secure a search warrant "until far after violating [Plaintiff's] constitutional rights and threatening to use copies of illegally seized photos of information from [the] cell phone to obtain a grand jury indictment for crimes [Plaintiff] did not commit." *Id*. Plaintiff asserts he was indicted three weeks after his arrest and that Defendant "made statements that [Plaintiff] sexually exploited a minor," which started an investigation based on false evidence. *Id*.

For his injuries, Plaintiff contends he has suffered extreme depression and has attempted to seek psychiatric help, but GCDC does not provide such medical treatment. ECF No. 18 at 6. For his relief, Plaintiff seeks money damages in the amount of $15,000 for "defamation of character and invasions of privacy and damages to cell device." *Id*.

The Court takes judicial notice[2] that Plaintiff has been charged in the Greenwood County Court of General Sessions with manufacture, distribution, or possession of narcotic drugs in Schedule I and Schedule II at case number 2023A2410200727 (indictment number 2024GS2401533), murder at case number 2023A2410200731 (indictment number 2023GS2401220), and possession of a weapon during a violent crime at case number 2023A2410200732 (indictment number 2023GS2401221). *See* Greenwood County Eighth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenwood/PublicIndex/PISearch.aspx (last visited Nov. 20, 2024) (search by case numbers listed above).

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if

---

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is

5

justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint filed in this case is subject to dismissal for the reasons below.

**Fourth Amendment Claims**

"When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth Amendment." *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024 WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25, 2024). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v.*

*Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). There is no §1983 claim for false arrest, false imprisonment, or malicious prosecution unless the officer lacked probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974).

"The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment. To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause." *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023). "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted); *see also Thompson v. Clark*, 596 U.S. 36, 49 (2022).

Plaintiff's Fourth Amendment claim fails because there was probable cause to support his arrest regardless of the specific Fourth Amendment violation alleged by Plaintiff (whether it is treated as a false arrest claim or as one for malicious prosecution). *See, e.g., Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The Fourth Amendment is not violated by an arrest based on probable cause."); *Robinson v. Greer Police Dep't*, C/A No. 6:24-cv-00146-HMH-JDA, 2024 WL 557952, at *4 (D.S.C. Jan. 23, 2024) ("[U]nder § 1983, a public official cannot be charged with unlawful

search and seizure, false arrest, or malicious prosecution when the search and arrest are based on probable cause"), *R&R adopted by*, 2024 WL 555873 (D.S.C. Feb. 12, 2024); *Coffy v. Hannon*, C/A No. 2:23-cv-00236-BHH-MGB, 2024 WL 3164826, at *4 (D.S.C. Feb. 26, 2024) (same), *R&R adopted by* 2024 WL 3164002 (D.S.C. June 25, 2024).

It is well-established that "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Staggs v. Spartanburg Cnty. Det. Ctr.*, C/A No. 8:22-cv-3852-HMH-JDA, 2022 WL 17742423, at *6 (D.S.C. Nov. 30, 2022) (citing *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)), *R&R adopted by*, 2022 WL 17741327 (D.S.C. Dec. 16, 2022); *see also Jordan v. S.C. Dep't of Corr.*, C/A No. 2:22-cv-3521-DCN-SVH, 2022 WL 13840029, at *2 (D.S.C. Oct. 20, 2022) (explaining that a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for false arrest under § 1983). Plaintiff's indictments by the grand jury establish probable cause for his arrest and prosecution. Thus, Plaintiff's Fourth Amendment claims are without merit and should be dismissed. *Scott v. Town of Kingstree*, C/A No. 4:16-cv-2901-CMC-BM, 2018 WL 4519344, at *4 (D.S.C. May 11, 2018) ("Plaintiff's indictment by the Grand Jury in March 2007 itself establishes probable cause for his arrest and prosecution, and therefore defeats Plaintiff's claim.").

Additionally, to state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Indeed, the criminal proceedings against Plaintiff are still pending in the state court. Because Plaintiff cannot show that the criminal proceedings have terminated without a conviction, his malicious prosecution claim fails as a matter of law.

**Defamation and Invasion of Privacy**

Plaintiff's claim for defamation and invasion of privacy against Defendant should be dismissed for failure to state a claim on which relief may be granted. Plaintiff's allegations relate to Defendant's purported misconduct in spreading false information at the GCDC about Plaintiff's sexual exploitation of a minor. However, allegations of defamation, slander, libel, and invasion of privacy fail to state a cognizable claim under § 1983. Although state law provides a right of action for slander or defamation, an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *See, e.g., Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3–4 (1976); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084106, at *3 (D.S.C. May 7, 2010), *R&R adopted by* 2010 WL 2084383 (D.S.C. May 19, 2010). Civil rights statutes, such as § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989). Here, Plaintiff's defamation and invasion of privacy claims do not implicate the violation of any federal right. A § 1983 action may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). A state law claim "does not become a

constitutional violation merely because the victim is a prisoner." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's allegations concerning a purely state law claim fail to establish a claim for a violation of a federal right as required under § 1983, and therefore his claim must be dismissed. *Wilson v. Ozmint*, C/A No. 3:10-cv-2887-RMG, 2011 WL 1336391, at *1–2 (D.S.C. Apr. 7, 2011).

Additionally, Plaintiff's Complaint fails to state a plausible federal constitutional claim because the First Amendment does not provide a private cause of action for defamation. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Sonnier v. Roman Catholic Diocese of Lafayette*, C/A No. 6:16-cv-1229, 2017 WL 778153, at *3 (W.D. La. Jan. 18, 2017) ("[T]here is nothing in the First Amendment to create a private cause of action for either defamation or invasion of privacy."), *R&R adopted by* 2017 WL 778003 (W.D. La. Feb. 24, 2017); *Davis v. City of Aransas Pass*, C/A No. 2:13-cv-363, 2014 WL 2112701, at *1 (S.D. Tex. May 20, 2014) ("[T]here is no federal constitutional right to be free from defamation or slander."). It is well settled that 42 U.S.C. § 1983 may not be used to assert defamation claims. *See Paul*, 424 U.S. at 711–12 (explaining interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (same); *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (explaining public humiliation, scorn, and ridicule from being criminally investigated does not state plausible claim for a constitutional violation). Accordingly, Plaintiff has failed to allege facts showing that his constitutional rights were violated as to his claim for defamation and invasion of privacy.

Moreover, this Court is without jurisdiction to hear a state law defamation or invasion of privacy claim to the extent Plaintiff seeks to bring his claims under state law. Defamation and invasion of privacy are torts under state law that may be considered by this Court only under its diversity or supplemental jurisdiction. *Blackstock v. Miller*, C/A No. 4:17-cv-01926-RBH-KDW, 2017 WL 3530525, at *1–2 (D.S.C. July 28, 2017), *R&R adopted by* 2017 WL 3500219 (D.S.C. Aug. 16, 2017). Thus, to the extent Plaintiff seeks to bring state law claims against the Defendant, Plaintiff may do so under the diversity statute but only if the statutory requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The diversity statute requires complete diversity of parties and an amount in controversy in excess of $ 75,000.00. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. Here, both Plaintiff and Defendant are South Carolina residents; thus, there is no basis for diversity jurisdiction over this action. *See, e.g., Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (complete diversity required); *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F. 3d 226, 229 (4th Cir. 2002) (same); *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (same). In absence of any plausible federal question claim, there is no basis for the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Because Plaintiff's claim for defamation and invasion of privacy are without merit, he is not entitled to money damages as his request for relief seeks damages as to only these claims.[3]

---

[3] Plaintiff also appears to assert he is entitled to monetary relief based on damages to his cell phone. To the extent Plaintiff is asserting a claim for damage or loss of his cell phone, any such claim is without merit. It is well-established that allegations of lost or stolen property by a state employee are not cognizable under 42 U.S.C. § 1983 where the plaintiff has an adequate

**Abstention Doctrine**

Because Plaintiff's claims are related to his present incarceration and the charges currently pending against him in the Greenville County Court of General Sessions, this Court should abstain from considering Plaintiff's claims under the *Younger* abstention doctrine[4]. Absent extraordinary

---

state-court remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny relief under § 1983 if state law provides the plaintiff with a viable post-deprivation remedy for the loss of personal property—even if the deprivation was caused by an employee of the state. *Yates v. Jamison*, 782 F.2d 1182, 1183–85 (4th Cir. 1986). Notably, this holding applies regardless of whether the alleged property loss was the result of negligence or an intentional act of the state employee or employees. *Hudson*, 468 U.S. at 533.

Plaintiff's claims regarding the damage to his property are actionable under the South Carolina Tort Claims Act ("SCTCA"). *See* S.C. Code Ann. §§ 15-78-10 through 15-78-220. The provisions of the SCTCA encompass both negligent and intentional losses of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. *See* S.C. Code § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity."). Because Defendant is an employee of the Greenwood County Sheriff's Office, his actions are covered under the SCTCTA. *See Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (4th Cir. 1989) (explaining that a sheriff's office is considered a state agency in South Carolina). Accordingly, Plaintiff may file a verified claim of his alleged personal property loss under the SCTCTA. *See* S.C. Code § 15-78-80(a)(1) ("A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed . . . with the agency employing an employee whose alleged act or omission gave rise to the claim . . . ."). The undersigned therefore finds that Plaintiff has a viable post-deprivation remedy in state court for any damage to his cell phone, and his claim is therefore subject to dismissal under 42 U.S.C. § 1983.

[4] In the Court's October 10, 2024 Order, Plaintiff was warned that his

> claims are barred by the *Younger* abstention doctrine. However, Plaintiff will be given an opportunity to file an amended complaint. **If Plaintiff files an amended complaint, he must allege facts to show that his claims are not barred by the *Younger* abstention doctrine and other issues as detailed above.**

circumstances, a federal court must abstain from exercising federal jurisdiction when doing so would interfere with a pending state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a state criminal proceeding); *see Samuels v. Mackell,* 401 U.S. 66 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution). *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn,* 874 F.2d 209, 212 (4th Cir.1989). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist,* 444 F.3d 237, 241 (4th Cir. 2006).

Pursuant to the *Younger* abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, when there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests; and (3) provides the plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432–34 (1982); *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 165 (4th Cir. 2008). If the elements are satisfied, a district court must abstain from interfering unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex,* 457 U.S.

---

ECF No. 16 at 7 (emphasis in original). Despite this warning, Plaintiff has failed to demonstrate that his claims are not barred by the *Younger* abstention doctrine.

at 435.  Each of these factors is satisfied, and the Court should therefore abstain from interfering with Plaintiff's pending state court criminal proceedings.

Courts have consistently concluded that claims, such as the ones asserted in this case, are barred by the *Younger* abstention doctrine.  *See, e.g., Mobley v. Edwards*, C/A No. 1:22-cv-00150-MR, 2022 WL 16836617, at *2 (W.D.N.C. Nov. 9, 2022) (dismissing the plaintiff's claims that police officers violated his rights by confiscating and searching his cell phone related to pending criminal charges and noting "the Court must abstain from interfering with Plaintiff's ongoing state proceeding and must dismiss this action" under the *Younger* abstention doctrine); *Hopper v. Salazar*, C/A No. 3:21-cv-00636-FDW-DSC, 2022 WL 602193, at *1 (W.D.N.C. Feb. 28, 2022) (dismissing the plaintiff's claims under the Fourth, Fifth, and Fourteenth Amendments based on the alleged illegal seizure and search of his cell phone), *appeal dismissed*, No. 22-1284, 2022 WL 2304219 (4th Cir. June 27, 2022); *Maskell v. Hildreth*, C/A No. 1:23-cv-01048-SOH-BAB, 2023 WL 4571280, at *2 (W.D. Ark. June 20, 2023) (finding the plaintiff's claims that the search of his cell phone was unlawful was barred by the *Younger* abstention doctrine because there were pending state criminal charges against the plaintiff), *R&R adopted by* 2023 WL 4566643 (W.D. Ark. July 17, 2023), *aff'd,* C/A No. 23-2889, 2023 WL 9660883 (8th Cir. Sept. 8, 2023); *Barnes v. Allen*, C/A No. 18-cv-0394-CVE-FHM, 2019 WL 653814, at *3 (N.D. Okla. Feb. 15, 2019) (finding the plaintiff's constitutional challenges to the search and seizure of his cell phone during state criminal proceedings was barred by *Younger* abstention doctrine).

As explained above, Plaintiff's claims for money damages are all subject to dismissal for failure to state a claim, leaving only claims for injunctive and declaratory relief.  Because the Court should abstain under the *Younger* abstention doctrine, Plaintiff's claims should be dismissed with prejudice as he seeks only injunctive and declaratory relief related to the pending charges against

14

him. *See Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 559 (4th Cir. 2024) ("When *Younger* abstention is invoked against claims seeking only injunctive or declaratory relief, those claims are usually . . . dismissed with prejudice.").

## CONCLUSION AND RECOMMENDATION

For all the reasons above, IT IS RECOMMENDED that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A without service of process and without further leave to amend.[5]

IT IS SO RECOMMENDED.

s/William S. Brown<br>United States Magistrate Judge

November 21, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[5] Plaintiff has already been afforded an opportunity to file an amended complaint to cure the deficiencies of his original Complaint. Any attempt to cure the deficiencies of the Amended Complaint would be futile for the reasons stated herein. Accordingly, the District Court should dismiss this action without affording Plaintiff an additional opportunity to amend his Amended Complaint. *See Workman v. Kernell*, C/A No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018) (declining to grant an opportunity to amend where amendment would be futile); *see also Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).